■ In the Matter of The DIRECTOR OF THE CHILD SUPPORT ENFORCEMENT BUREAU, on Behalf of PENNYSUE FARIELLO, Appellant, v JOHN FARIELLO, Respondent.—In a proceeding by the Director of the Child Support Enforcement Bureau to have a payroll deduction order entered, pursuant to section 49-b of the Personal Property Law, for accumulated arrears owed to the Department of Social Services, petitioner appeals from an order of the Family Court, Suffolk County, entered January 11, 1979, which denied the application and vacated all arrears. Order reversed, on the law, without costs or disbursements, petition granted, and the proceeding is remitted to the Family Court, Suffolk County, to determine the amount of arrears owed to the Department of Social Services and for the entry of an appropriate payroll deduction order. The arrears in question accrued under an order of the Family Court, Suffolk County, dated January 14, 1974, not under the separation agreement. While the separation agreement made no provision for the support of respondent's stepchildren, the order of support of the Family Court required respondent "to pay to the Suffolk County Department of Probation the sum of $50.00 per week beginning March 8, 1974 for the support of his Dependent(s) named in the Petition". The petition named respondent's wife and his two stepchildren. In requiring respondent to pay support for his stepchildren to the Department of Probation, the Family Court acted within its authority. Under section 415 of the Family Court Act,

a stepparent is responsible for the support of stepchildren under the age of 21 years if the children are recipients of public assistance. Accordingly, the director is entitled to recover the arrears in question. Titone, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.